UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER SCOTT B.,[1]<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>　　　　Respondent. | Case No. 1:21-CV-00191-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court for consideration is Christopher Scott B.'s Petition for Review of the Respondent's denial of social security benefits, filed on April 29, 2021. (Dkt. 1). The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record ("AR"). For the reasons that follow, the Court will affirm the final decision of the Commissioner of Social Security ("Commissioner").

## BACKGROUND

On May 14, 2019, Petitioner protectively filed an application for Title II Disability

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

**MEMORANDUM DECISION AND ORDER – 1**

Insurance Benefits for a period of disability beginning August 23, 2018, based upon physical and mental impairments including back and hip problems, diabetes, neuropathy of feet and legs, anxiety, bilateral knee problems, arthritis in knees, and sleep apnea. (AR 225, 250). A hearing was held on May 29, 2020, before Administrative Law Judge, Michele M. Kelley. After considering testimony from Petitioner and a vocational expert, ALJ Kelley issued a decision on June 12, 2020, finding that Petitioner was not disabled. (AR 20-33).

Petitioner requested review by the Social Security Appeals Council, which denied his request for review on February 26, 2021, making the ALJ's decision the final decision of the Commissioner. (AR 8-13). Petitioner timely appealed this final decision on April 29, 2021. (Dkt. 1).

The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Petitioner was forty-seven years of age at the time of the alleged disability onset and forty-nine years old on the date of the decision. (AR 225). Petitioner has a high school education and reported past work as a correctional officer. (AR 251).

**MEMORANDUM DECISION AND ORDER – 2**

## THE ALJ'S DECISION[3]

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step two, the ALJ found that Petitioner had the following severe impairments: degenerative joint disease of both hips (status post total hip arthroplasty on both sides); osteoarthritis of the right shoulder acromioclavicular joint; ganglion cyst of the right biceps; degenerative disk disease of the lumbar spine (with disc herniations at L4-S1 and mild stenosis). (AR 23). At step three, the ALJ determines whether a claimant's

---

[3] *Kennedy v. Colvin*, 738 F.3d 1172 (9th Cir. 2013), sets forth the five-step review process as follows:
> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).

738 F.3d at 1175.

**MEMORANDUM DECISION AND ORDER – 3**

impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The ALJ determined that Petitioner did not have an impairment or combination of impairments that met or were medically equal to the criteria of Listings 1.02 and 1.04. (AR 25). The ALJ explained that in making this determination, she considered whether "paragraph B" criteria was satisfied. (AR 23-25). Specifically, the ALJ considered Petitioner's ability to understand, remember and apply information; to interact with others; to concentrate, persist, and maintain pace; and adapt or manage himself, and found that because Petitioner's "medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in [Petitioner's] ability to do basic work activities, they are nonsevere." (AR 25) (emphasis in original).

At step four, the ALJ determined Petitioner retained the residual functional capacity ("RFC") to perform light work as follows:

> He can lift, carry, push, or pull 10 pounds frequently and 20 pounds occasionally. He can only stand and/or walk for about 4 hours of an 8-hour workday. He can sit about 6 hours of an 8-hour workday. He can occasionally climb ramps and stairs, kneel, crouch, or crawl. He can frequently balance and stoop. He can never climb ladders, ropes, or scaffolds. He can frequently reach overhead bilaterally. The claimant needs to avoid concentrated exposure to temperature extremes and vibration. He must avoid even moderate exposure to hazards, including unprotected heights and dangerous machinery. He needs a cane for walking and stability but can still manage lifting and carrying requirements for light work. He can understand, remember, and carry out simple, detailed, and complex tasks. He can maintain concentration, persistence, and pace for such tasks for 8-hour workdays and 40-hour workweeks. He can tolerate interaction with

**MEMORANDUM DECISION AND ORDER – 4**

> supervisors, coworkers, and the public. He can tolerate usual work situations and changes in routine work settings. All limitations are considered sustained work activities in an ordinary work setting on a regular and continuing basis.

(AR 25-26). In reliance upon testimony from the vocational expert, the ALJ found that Petitioner would not be able to perform his past relevant work as a correctional officer. (AR 32). Further, the ALJ proceeded to step five and concluded that Petitioner would be able to perform the requirements of representative occupations such as price marker, conveyor monitor, and mail sorter. (AR 32).

## ISSUE FOR REVIEW

The following issue is raised on appeal:

1. Whether the ALJ reasonably evaluated the medical opinion evidence of Colin Poole, M.D.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the final decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**MEMORANDUM DECISION AND ORDER – 5**

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER – 6**

## DISCUSSION

### a. Legal Standard

New regulations governing an ALJ's evaluation of medical opinion evidence apply to claims filed on or after March 27, 2017. *See* Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *Id.*; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in this evaluation process are supportability and consistency.[4] 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which

---

[4] "Supportability" is defined as: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" is defined as: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

**MEMORANDUM DECISION AND ORDER – 7**

a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how supportability and consistency were considered. 20 C.F.R § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other secondary factors were considered, unless he or she finds that two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same." 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

### b. Dr. Poole's October 2019 Medical Opinion

On October 17, 2019, Dr. Poole completed a medical source statement, noting that he had been treating Petitioner since 2010. (AR 844-48). Dr. Poole indicated that Petitioner's prognosis was "stable, not improving, disabling" and that Petitioner reported pain in bilateral hips and knees with limits in functionality, ambulation and mobility that affected his daily functioning. (AR 844). Dr. Poole also noted Petitioner's lower extremity impairment consists of pain, limited mobility, and "fatigues easily." (AR 844).

Dr. Poole used a check-box form to indicate the severity of Petitioner's symptoms. He noted that Petitioner's left leg/hip/ankle/foot/knee symptoms included moderate chronic pain, chronic stiffness, chronic tenderness, limitation of motion, joint space

**MEMORANDUM DECISION AND ORDER – 8**

narrowing, and inability to ambulate effectively, while his right leg/hip/ankle/foot/knee symptoms included moderate chronic pain, chronic stiffness, chronic tenderness, and limitation of motion. (AR 844). Based upon the severity of Petitioner's symptoms, Dr. Poole opined that Petitioner could perform the following: sit/stand for 30 minutes at a time; stand/walk for less than 2 hours; sit for about 4 hours; would require a job that permits shifting positions at will from sitting, standing, or walking; would require the use of a cane for any ambulation over distances greater than 200 yards; frequently lift/carry up to 10 pounds; occasionally lift/carry 20 pounds; rarely lift/carry 50 pounds; occasionally twist, stoop, bend, and climb stairs; rarely crouch, squat, or climb ladders; would need to take unscheduled breaks for 20-30 minutes; and would be off task 20 percent of the workday. (AR 845-847).

      **c. Analysis**

Petitioner contends that the ALJ failed to properly evaluate the October 2019 medical opinion of Colin Poole, M.D., Petitioner's treating physician. (Dkt. 18 at 10-15).

The Court disagrees. The ALJ appropriately discussed the persuasiveness factors as required under the regulations in evaluating Dr. Poole's October 2019 medical opinion, and her conclusion is supported by substantial evidence.

Concerning the factor of supportability, while the ALJ did not expressly use the term "supported," she clearly completed an "internal check" of Dr. Poole's opinion by contrasting the objective medical evidence and supporting explanations contained in the opinion with the limitations Dr. Poole imposed. Specifically, the ALJ considered Dr. Poole's opinion that Petitioner could only occasionally lift 20 pounds, would have bad

**MEMORANDUM DECISION AND ORDER – 9**

days, would need to take unscheduled rest breaks of 20-30 minutes, would need a cane to ambulate more than 200 yards, and could stand or walk for less than 2 hours in an 8-hour workday. (AR 30). The ALJ concluded that these limitations were not supported by the objective medical evidence, noting that Dr. Poole "did not indicate any severe problems with stiffness, swelling, or tenderness," and that "[m]ost of his assessment of [Petitioner's] lower extremities problems were mild, with some moderate." (AR 30).

Having thoroughly reviewed Dr. Poole's October 2019 medical opinion, the Court finds that there is substantial evidence to support the ALJ's conclusion that the objective medical evidence indicating Petitioner suffered from "mild, with some moderate" lower extremities problems did not warrant such restrictive limitations as Dr. Poole prescribed. The Court will not disturb the ALJ's finding on this issue. *See Flaten*, 44 F.3d at 1457; *Verduzco*, 188 F.3d at 1089.

As to consistency, the ALJ concluded that Dr. Poole's opinion was "not persuasive because Dr. Poole's and other treatment providers' exams demonstrated only mild abnormal observations of [Petitioner's] hips and knees. Thus, it is not consistent with the medical evidence." (AR 30). Here, the ALJ included a robust discussion of each of the pertinent medical records immediately preceding her analysis of Dr. Poole's October 2019 opinion. (AR 27-28). Specifically, the ALJ discussed Dr. Poole's treatment notes from November 2018, (AR 436-37) (symptoms measurably unchanged over two years; no clinic bone scan evidence of abnormality in acetabular or femoral components), and December 2019, (AR 985, 988-89) (good hip flexion and range of motion; no pain with palpation over greater trochanter for left and right hips without signs of loosening or

**MEMORANDUM DECISION AND ORDER – 10**

periprosthetic fracture; antalgic gait; normal sensibility an motor function in bilateral lower extremity), as well as the treatment notes of other medical providers pertaining to Petitioner's hip and knee pain, (AR 337, 371-72, 495, 498, 595, 603, 611, 992, 1116) ("grossly normal," "normal," or "excellent" range of motion for joints and extremities; muscle strength 5/5 and symmetric with regard to hip flexion, knee flexion, and extension; some references to antalgic gait).

Having thoroughly reviewed the medical record pertaining to Petitioner's hip and knee treatment, the Court concludes that there is substantial evidence to support the ALJ's inconsistency finding. While the ALJ did not cite to the medical record in her conclusion, the Court can clearly discern the ALJ's reasoning from her decision as a whole based upon her prior discussion of the record. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably be discerned.'" (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)); *see also Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir. 1985) (acknowledging that although it would be "more helpful," for an ALJ to lay out his determinations and supporting reasoning in the "conclusion" or "findings" section, rather than the "discussion" section, it is nothing more than a "needless formality" because the ALJ's decision is to be "examine[d] … as a whole"). In concluding that the ALJ's decision is supported by substantial evidence, the Court does not base its conclusion on post hoc rationalizations, *see Debbie P. v. Kijakazi*, No. 1:20-CV-00469-CWD, 2022 WL 225054, at *2 (D. Idaho Jan. 25, 2022) (citing *Garrison*, 759 F.3d at 1010), but upon a thorough review of the

**MEMORANDUM DECISION AND ORDER – 11**

record, *see Garrison*, 759 F.3d at 1009, and "specific and legitimate inferences," *see Magallanes Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Because substantial evidence supports the ALJ's finding, it will not be disturbed. *See Flaten*, 44 F.3d at 1457; *Verduzco*, 188 F.3d at 1089.

For the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, the Court will affirm the ALJ's decision.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED.**

2) The Petitioner for Review (Dkt. 1) is **DISMISSED.**

DATED: July 18, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 12**